■ MARK HYNES, Appellant, v SONIDO, INC., Respondent. [855 NYS2d 83]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered February 9, 2007, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

On February 10, 1997, the parties signed an agreement reading in its entirety: "IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN SONIDO, INC. AND MARK T. HYNES, THAT SONIDO, INC., WILL PAY MARK T. HYNES, TEN PERCENT '10 (%)' OF ALL SALES MADE AND PAID FOR VIA THE INTERNET, OF MUSIC, VIDEOS, ART, WORDS AND ADVERTISEMENT."

We reject plaintiff's expansive interpretation upon an examination of the intent of the parties within the four corners of the

agreement, as well as the circumstances under which it was executed. Considering the allegation in the complaint of breach by failure to pay the percentage of income from Internet sales, the circumstances under which the agreement was executed and the relationship between the parties, the relevant contract term—"TEN PERCENT '10 (%)' OF ALL SALES MADE AND PAID FOR VIA THE INTERNET"—is unambiguous. Indeed, under plaintiff's proffered interpretation of the agreement, he would be entitled to a percentage of not only the sales made by defendant, but also of any royalties received. Such an arrangement is clearly not contemplated by the plain language of the agreement.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Saxe, J.P., Sweeny, McGuire and Acosta, JJ.